23-7912
*Swan v. Page*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand twenty-four.

PRESENT:
    REENA RAGGI,
    RICHARD C. WESLEY,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

PHYLLIS SWAN,

      *Plaintiff-Appellant,*

    v.                                                                                    No. 23-7912-cv

ROBERT EVERETT PAGE IV,

      *Defendant-Appellee,*

    v.

SOTHEBY'S INC.,

       *Defendant*.

_____

FOR PLAINTIFF-APPELLANT:                  Ian Weiss, Seiden Law LLP, New York, NY; Renee Eubanks, The Eubanks Law Firm, PLLC, New York, NY

FOR DEFENDANT-APPELLEE:                Robert Page, *pro se*, Shelter Island Heights, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Mary Kay Vyskocil, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 2, 2023 judgment of the district court is **VACATED** in part, **AFFIRMED** in part, and the case is **REMANDED** for further proceedings.

Plaintiff-Appellant Phyllis Swan appeals from the district court's dismissal of her claims against Defendant-Appellee Robert Page for conversion of a drawing by artist Jean-Michel Basquiat (the "Drawing") and for a declaration of ownership rights to the Drawing. We assume the parties' familiarity with the underlying facts, the record of prior proceedings, and the issues on appeal, to which we refer only as necessary to explain our decision.

# BACKGROUND

In the 1980s, Swan and fashion designer Isaia Rankin opened Fertility, a retail clothing store located in New York City. Rankin subsequently hired several employees to work with him on various fashion projects, including Page.

At some point, Basquiat created the Drawing as a prototype business card for Fertility. Ultimately, however, Swan and Rankin declined to use the Drawing for that purpose. Nevertheless, Swan maintains that the Drawing was generated as a business asset of Fertility and therefore belonged to the business.

Rankin passed away in July 1989. Swan alleges that in the wake of his death, Rankin's employees "looted the belongings" at the Fertility store and another of Rankin's businesses, "taking things after his death without [Swan's] or [] Rankin's estate's permission." J.A. 48. A few years later, Swan "began looking [through] the Fertility boxes for the Basquiat artwork," but the Drawing was missing. *Id.*

In August 2019, Page consigned the Drawing to Sotheby's, which sold it at auction that October. Swan subsequently informed Sotheby's that she was the Drawing's rightful owner. According to Sotheby's, however, Page contended that he had received the Drawing as a gift from Rankin. After further correspondence between Swan and Sotheby's, Swan emailed Sotheby's on December 10, 2019, demanding the Drawing's return.

3

Sotheby's later rescinded the sale of the Drawing and filed an interpleader claim in the Supreme Court of New York for New York County, interpleading both Swan and Page. The parties then agreed to a stipulation (the "Stipulation"), which provided that Sotheby's would hold the Drawing while Swan and Page "adjudicate[d] their claims to title to [the Drawing] directly between themselves." J.A. 83. The parties further stipulated that Sotheby's would release the Drawing once it received an instruction from "the Court, or [from] both [Swan and Page]." *Id.* After the parties filed the Stipulation, the state court dismissed the case with prejudice.

On December 8, 2022, Swan commenced this litigation in federal court, bringing several claims against Sotheby's and Page. The district court dismissed Swan's amended complaint with prejudice, concluding, as relevant here, that Swan's conversion claim against Page was time-barred. The district court also declined to exercise jurisdiction over Swan's declaratory judgment claim against Page. Swan appeals only the district court's dismissal of those two claims.

## DISCUSSION

In reviewing the district court's grant of a motion to dismiss under Rule 12(b)(6), we "accept all of the complaint's factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor." *Conn. Gen. Life Ins. Co. v. BioHealth Laboratories, Inc.*, 988 F.3d 127, 131 (2d Cir. 2021) (alterations accepted) (internal quotation marks and citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient

4

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Menaker v. Hofstra Univ.*, 935 F.3d 20, 30 (2d Cir. 2019). "[A] statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Conn. Gen. Life Ins. Co.*, 988 F.3d at 132.

## I.  Conversion Claim

New York law provides a three-year statute of limitations for conversion. *See* N.Y. C.P.L.R. § 214(3). "Conversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." *State v. Seventh Regiment Fund*, 98 N.Y.2d 249, 259 (2002) (internal quotation marks and citation omitted). "A cause of action for conversion accrues when all of the facts necessary to sustain the cause of action have occurred, so that a party could obtain relief in court." *Id.* (internal quotation marks and citation omitted). For example, a claim for conversion against the thief of a possession "accrues at once." *Id.* at 261.

The district court concluded that Swan's conversion claim against Page was untimely because the amended complaint "suggest[ed] that Page stole the Drawing in the late 1980s or early 1990s," or far more than three years before Swan filed suit in 2022. J.A. 181. Although Swan maintained that her conversion claim should not be dismissed as untimely under a theory that Page received the Drawing as a gift rather than stole it, the district court declined to consider the timeliness of such a conversion claim.

5

"[I]n a single count, a plaintiff may plead multiple—sometimes contradictory— theories of liability." *Cunningham v. Cornell Univ.*, 86 F.4th 961, 979 (2d Cir. 2023); Fed R. Civ. P. 8(d)(2). Even when "allegations [are] not specifically pleaded as 'in the alternative,'" Rule 8 "offers sufficient latitude to construe separate allegations in a complaint as alternative theories." *Adler v. Pataki*, 185 F.3d 35, 41 (2d Cir. 1999). Here, Swan offered at least two theories as to how Page came into possession of the Drawing. First, as the district court recognized, Swan's amended complaint could be read to allege that Page stole the Drawing at some point in the late 1980s or early 1990s, rendering her conversion claim untimely. *See Seventh Regiment Fund*, 98 N.Y.2d at 261; N.Y. C.P.L.R. § 214(3). Second, Swan's amended complaint also could be read to allege that Page received the Drawing as a gift from Rankin, despite his alleged lack of authority to give away a business asset.[1]

Because Swan repeatedly suggested that Page stole the Drawing decades ago, the district court understandably construed Swan's complaint as pleading a theft-based theory of conversion. The district court appears not to have considered the viability of the amended complaint assuming factual allegations as to the unauthorized gift theory are true and drawing all reasonable inferences in Swan's favor. We therefore vacate the district court's order dismissing Swan's conversion claim against Page as time-barred,

---

[1] Because we conclude that the district court erred by not considering Swan's allegations that Page received the Drawing as a gift, we do not address the alternative theory of conversion advanced by Swan on appeal.

and remand for the district court to consider any remaining arguments for dismissal in the first instance.

## II.    Declaratory Judgment Claim

Swan also maintains that the district court erred in declining to entertain her claim under the Declaratory Judgment Act. We review this decision for abuse of discretion. *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 99–100 (2d Cir. 2023).

We have identified the following "non-exhaustive" factors that "should inform a district court's" discretion to exercise jurisdiction over a claim under the Declaratory Judgment Act:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying or settling the legal issues involved; (2) whether such a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for procedural fencing or a race to res judicata; (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; (5) whether there is a better or more effective remedy; and (6) whether concerns for judicial efficiency and judicial economy favor declining to exercise jurisdiction.

*Id.* (alterations accepted) (internal quotation marks and citations omitted). While a district court has "broad discretion" in weighing these factors and deciding whether to entertain a claim under the Declaratory Judgment Act, that discretion "is not altogether unfettered." *Id.* at 100 (internal quotation marks and citation omitted). "To the contrary, there are three principal ways in which an abuse of discretion can occur in this context: (1) when a relevant factor that should have been given significant weight is not

7

considered; (2) when an irrelevant or improper factor is considered and given significant weight; and (3) when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." *Id.* (internal quotation marks and citation omitted).

In her amended complaint, Swan sought a declaration that she is the "sole owner of the [Drawing]." J.A. 69. The district court determined that such a declaration would "serve no useful purpose in clarifying any legal issue" because "this very issue was already the subject of the interpleader action filed in New York Supreme Court, which resulted in [the] Stipulation." J.A. 186.

The Stipulation did not, however, resolve Swan's and Page's claims to the Drawing; instead, it simply provided that Sotheby's would withdraw from the state court litigation and hold the Drawing while Swan and Page litigated their competing claims. Nor did the state court proceeding continue to a resolution after the Stipulation was executed, as the court dismissed the case with prejudice after the Stipulation was filed. Thus, a determination that a declaratory judgment would not serve a useful purpose in this case because the Stipulation itself "clarif[ied] or settl[ed] the legal issues involved" or "finalize[d] the controversy," *Admiral Ins. Co.*, 57 F.4th at 99–100, was unwarranted. On remand, the district court may consider whether declaratory relief would serve a "useful purpose" in light of the effect of the Stipulation, as well as any other relevant

8

factor, in deciding whether to exercise jurisdiction over Swan's declaratory judgment claim.

The judgment of the district court is otherwise affirmed.

\* \* \*

For the foregoing reasons, the judgment of the district court is **VACATED** in part, **AFFIRMED** in part, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court